# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CLINTON HODGES and GERRI HODGES,<br><br>             Plaintiffs,<br><br>             v.<br><br>SEWARD SHIP'S ACE HARDWARE & MARINE,<br><br>             Defendant. | Case No. 3:19-cv-0059-SLG |

## ORDER RE MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Before the Court at Docket 13 is Plaintiffs Clinton Hodges and Gerri Hodges' Motion for Leave to File First Amended Complaint. Defendant Seward Ship's Ace Hardware & Marine ("Ace Hardware") responded in opposition at Docket 15. Plaintiffs replied at Docket 16. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

On March 4, 2019, Plaintiffs commenced this action against Defendant Ace Hardware alleging that Plaintiffs' sailing vessel, HORIZONS, sustained damages while stored in Defendant's boatyard when it fell from supports that were "improperly placed and maintained."[1] In their complaint, Plaintiffs

---

[1] Docket 1 at 1, ¶ 1.

asserted four causes of action: breach of contract, breach of bailment, negligence, and gross negligence, and designated the claims as in admiralty.[2]

On December 9, 2019, Plaintiffs filed a notice of withdrawal and substitution of counsel.[3] The following day, Plaintiffs filed the pending motion for leave to file a first amended complaint seeking to add a cause of action pursuant to the Alaska Unfair Trade Practices and Consumer Protection Act, AS 45.50.471 ("UTPA") and factual allegations in support thereof.[4]

## LEGAL FRAMEWORK

Under the Court's local rules, unless otherwise ordered, "[m]otions to amend pleadings or add parties must be filed not later than 60 days after the date the Pretrial Scheduling Order is entered."[5] Thereafter, "a party may seek leave of the court to modify this deadline" under Rule 16(b).[6] Under Rule 16(b), a court's pretrial scheduling order can only be modified "for good cause."[7] The "good cause" inquiry "primarily considers the diligence of the party seeking the amendment."[8] While "prejudice to the party opposing the modification might supply additional

---

[2] Docket 1 at 1, 4–6.

[3] Docket 12.

[4] Docket 13.

[5] L. Civ. R. 16.1(c)(2).

[6] L. Civ. R. 16.1(c)(2).

[7] Fed. R. Civ. P. 16(b)(4); *see also Johnson v. Mammoth Recreations*, *Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).

[8] *Mammoth Recreations, Inc.*, 975 F.2d at 609.

Case No. 3:19-cv-0059-SLG, *Hodges, et al. v. Seward Ship's Ace Hardware & Marine*
Order re Motion for Leave to File First Amended Complaint
Page 2 of 7

reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification . . . [and] [i]f that party was not diligent, the inquiry should end."[9]

**DISCUSSION**

Although Plaintiffs moved to amend under Rule 15(a), the deadline to amend the pleadings was July 1, 2019, and Plaintiffs' motion is untimely. Instead, the Court will evaluate Plaintiffs' request under Rule 16(b)'s good cause requirement for modification of the pretrial scheduling order.[10]

Plaintiffs contend that the proposed amendments to the complaint "are primarily to add a cause of action pursuant to the Alaska Unfair Trade Practices and Consumer Protection Act . . . and to ensure the factual predicate" thereunder.[11] Plaintiffs maintain that the new cause of action "arises from the same set of facts as the previously alleged contract and tort claims" and that the only deadline that will be affected by the proposed amendment is the deadline for deposition of lay witnesses.[12]

Defendant opposes the proposed amendments, asserting that Plaintiffs unduly delayed in seeking them and that Defendant would be significantly

---

[9] *Id.*

[10] The Court entered the parties' Scheduling Order on May 2, 2019, therefore, the deadline to amend the pleadings was July 1, 2019.

[11] Docket 13 at 2.

[12] Docket 13 at 1–2.

Case No. 3:19-cv-0059-SLG, *Hodges, et al. v. Seward Ship's Ace Hardware & Marine*
Order re Motion for Leave to File First Amended Complaint
Page 3 of 7

prejudiced as a result.[13] Defendant contends that Plaintiffs have failed to offer any explanation for their delay in seeking the amendments, noting that the newly alleged facts were known to Plaintiffs as of the original complaint.[14] Defendant maintains that allowing the proposed amendments advancing "an entirely new legal theory" and requiring "proof of different facts" would necessitate relitigating discovery.[15] Specifically, Defendant emphasizes that the parties have already completed extensive discovery, including written requests and responses, have scheduled depositions, and were approaching the January 13, 2020 lay witness discovery deadline (since passed).[16] Finally, Defendant contends that the amendment would be futile as "the Court lacks subject matter jurisdiction . . . [and] Plaintiff's claims are barred by the exculpatory clause in their contract."[17]

Plaintiffs dispute that they unduly delayed in seeking the amendment, explaining that only when their current counsel took over for his departing colleague did he realize that the alleged facts also gave rise to a cause of action under the UTPA.[18] Plaintiffs' new counsel maintains that he "promptly obtained

---

[13] Docket 15 at 1.

[14] Docket 15 at 9.

[15] Docket 15 at 7.

[16] Docket 15 at 7.

[17] Docket 15 at 9–10.

[18] Docket 16 at 7.

Case No. 3:19-cv-0059-SLG, *Hodges, et al. v. Seward Ship's Ace Hardware & Marine*
Order re Motion for Leave to File First Amended Complaint
Page 4 of 7

client approval for and filed the Motion and proposed First Amended Complaint."[19] Plaintiffs contend that Defendant will not be prejudiced as the scheduled fact depositions had not yet occurred[20] and maintain that Plaintiffs would supplement their discovery responses as necessary.[21] Moreover, Plaintiffs add that the amendment is not futile as the Court has admiralty jurisdiction over the contract claims and could exercise supplemental jurisdiction over the proposed UTPA claim.[22] Finally, Plaintiffs contend that the exculpatory provision in the parties' agreement should not be enforced with respect to Defendant's own negligence.[23]

The Court finds that Plaintiffs have not been the model of diligence, and recognizes that the parties have engaged in significant discovery. However, the Court nevertheless finds that there is good cause to amend the scheduling order to allow Plaintiffs' proposed amendments to the complaint.[24] Plaintiffs' new counsel was diligent in seeking the amendment once he took over the matter, and the Court finds that Plaintiffs should be given a reasonable opportunity to address all of their potential claims against Defendant arising from the same set of alleged

---

[19] Docket 17 at 2, ¶ 4 (Reilly Decl.).

[20] According to Plaintiffs, two fact depositions were scheduled for early January, and a third fact deposition had yet to be scheduled. Docket 16 at 6.

[21] Docket 16 at 6.

[22] Docket 16 at 3–5.

[23] Docket 16 at 3–5.

[24] The Court expresses no opinion at this time as to the viability of the UTPA claim as pled in the proposed amended complaint.

Case No. 3:19-cv-0059-SLG, *Hodges, et al. v. Seward Ship's Ace Hardware & Marine*
Order re Motion for Leave to File First Amended Complaint
Page 5 of 7

facts. Moreover, although Defendant emphasizes the imminence of the January 13, 2020 "deadline for lay witness discovery," the close of fact discovery is not until March 23, 2020.[25] The parties still have time to supplement their discovery as necessary to account for the amendment before the close of fact discovery. However, to avoid any potential prejudice to Defendant, the Court will extend the Final Discovery Witness List deadline to **February 21, 2020**.

Finally, the Court is cognizant of its "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from a party."[26] However, as Defendant indicated its intent to file a motion to dismiss for lack of subject matter jurisdiction, the Court will decide the issue when both parties have had an opportunity to brief their positions.

## CONCLUSION

In light of the foregoing, Plaintiffs' Motion for Leave to File First Amended Complaint at Docket 13 is GRANTED. Plaintiff must file an additional complete, clean copy of the amended pleading, including any exhibits, within **7 days** of this order.[27] The Scheduling and Planning Order at Docket 10 is amended as follows: II. Discovery Plan C. Subjects and Timing of Discovery 3. Final Discovery Witness List: a final discovery witness list, disclosing all lay witnesses that a party may wish

---

[25] Docket 10 at 3.

[26] *Corall v. Select Portfolio Servicing, Inc.*, 989 F.3d 770, 773 (9th Cir. 2017) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

[27] *See* Local R. Civ. P. 15.1(b).

Case No. 3:19-cv-0059-SLG, *Hodges, et al. v. Seward Ship's Ace Hardware & Marine*
Order re Motion for Leave to File First Amended Complaint
Page 6 of 7

to call at trial either by live testimony or deposition, shall be served and filed not later than: **February 21, 2020**. All other deadlines shall remain as previously ordered at Docket 10.

DATED this 17th day of January, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:19-cv-0059-SLG, *Hodges, et al. v. Seward Ship's Ace Hardware & Marine*
Order re Motion for Leave to File First Amended Complaint
Page 7 of 7